MARCO A. MICHALSKI,
    *Plaintiff*,

v.                                             No. 3:17-cv-1516 (VAB)

DR. RICARDO RUIZ, *et. al.*,
    *Defendants*.

## RULING ON PENDING MOTIONS

Marco Michalski ("Plaintiff"), currently incarcerated at Osborn Correctional Institution, and proceeding *pro se*, has sued Dr. Ricardo Ruiz and Dr. Samuel Berkowitz ("Defendants") under 42 U.S.C. § 1983. Mr. Michalski allegedly suffers from foot conditions, including club feet and flat feet, and claims that both defendants were deliberately indifferent to those conditions during his confinement at Cheshire Correctional Institution between September 2016 and September 2017.

Pending before the Court are Mr. Michalski's motions for preliminary injunction and a temporary restraining order, for a judgment on the pleadings, for service, and for default.

For the following reasons, the Court **DENIES** the motions.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual Allegations

Mr. Michalski has a history of foot issues. He claims to have clubfoot in both of his feet. Compl., at ¶ 5, ECF No. 1 ("Compl."). Mr. Michalski also claims his feet are subject to deformities. *Id.* Later in life, his arches dropped, which he claims causes him constant pain and discomfort. *Id.* at ¶ 6. To address these issues, Mr. Michalski allegedly was prescribed arch

1

supports along with stretching, strengthening, and conditioning exercises, which he says was ineffective in dealing with his pain. *Id.* at ¶ ¶ 7, 8.

After seeing a doctor about the issues, Mr. Michalski was treated with steroid injections, physical therapy, and "quality footwear." *Id.* at ¶ ¶ 10, 11. In the following eleven years, Plaintiff claims that he was able to stave off foot pain. *Id.* at ¶ 13.

After his April 2013 incarceration, however, Plaintiff claims that his foot condition began to worsen. He claims that the low-quality shoes available to him in prison have led to foot issues because of a lack of support in the arch and ankle along with other prison conditions. *Id.* at ¶ ¶ 14–17. On or around September 2016, he requested medical attention. *Id.* at ¶ 18. During his wait for treatment, Plaintiff claims that his right foot became swollen and painful on multiple occasions. *Id.* at ¶ ¶ 21, 22.

On January 18, 2017, Mr. Michalski submitted a grievance about his foot pain. *Id.* at ¶ 25.

The next day, he saw Dr. Ruiz about blood test results for unrelated issues. *Id.* at ¶ 26. Mr. Michalski alleges that Dr. Ruiz did not examine his feet. *Id.* Nor did he x-ray or otherwise treat Plaintiff's foot issues. *Id.* Mr. Michalski claims that Dr. Ruiz rushed him out of the office when Plaintiff tried to tell him the doctor about his foot pain. *Id.* at ¶ 27.

On February 15, 2017, Mr. Michalski submitted a complaint to the health service administrator of the prison about his foot pain. *Id.* at ¶ 29.

On March 1, 2017, Mr. Michalski again saw Dr. Ruiz where Plaintiff detailed his history of foot problems. *Id.* at ¶ 30. Nine days later, Dr. Ruiz again met with Mr. Michalski and allegedly prescribed Plaintiff shoe inserts that Mr. Michalski claims were too big for him. *Id.* at ¶

31, 32. Two weeks later Dr. Ruiz allegedly insisted that Plaintiff still buy shoes that were too big for him. *Id.* at ¶ 33.

On March 30, 2017, Mr. Michalski filed another grievance about his foot pain. *Id.* at ¶ 38.

On April 22, 2017, Mr. Michalski alleged filed another grievance. *Id.* at ¶ 39. Four days later, Mr. Michalski saw Dr. Ruiz, but the appointment was about the grievance and not foot treatment. *Id.* at ¶ 40.

On May 2, 2017, Mr. Michalski submitted another grievance regarding his foot pain. *Id.* at ¶ 42. A few days later, Plaintiff was allegedly told he would see a pediatrist soon. *Id.* at ¶ 43.

On June 5, 2017, Mr. Michalski saw a pediatrist, Dr. Samuel Burkowitz, at the University of Connecticut Health Center. *Id.* at ¶ 45. Dr. Burkowitz allegedly denied Mr. Michalski's request for a sneaker pass to get footwear from the community. *Id.* at ¶ 46. Dr. Burkowitz allegedly attempted to, but did not actually provide, give Mr. Michalski steroid injections. *Id.* at ¶¶ 48, 49. Mr. Michalski alleges that Dr. Burkowitz and prison staff impermissibly denied his requests for a sneaker pass and purposefully delayed his ability to see the doctor about his foot. *Id.* at ¶¶ 50–53.

In February 2017, Mr. Michalski filed a medical habeas corpus action for other medical issues, which was later amended to include his foot issues. *Id.* at ¶ 54. At a pre-trial hearing, a court allegedly ordered that Mr. Michalski be allowed to purchase footwear from the community, and Mr. Michalski has been wearing them ever since. *Id.*

Mr. Michalski still claims that he is in pain, with the shoes only providing temporary relief from his foot issues. *Id.* at ¶¶ 56, 57. On August 11, 2017, Mr. Michalski filed another

grievance because of pain in his foot. *Id.* at ¶ 58. On September 6, 2017, Dr. Ruiz again saw Mr. Michalski. *Id.* at ¶ 59.

Mr. Michalski claims a number of medical issues, failures by prison staff and doctors, and an overall lack of treatment of his foot condition. *Id.* at ¶¶ 60–69.

### B. Procedural History

On September 8, 2017, Mr. Michalski filed his complaint against Dr. Ricardo Ruiz and Dr. Samuel Burkowitz. ECF No. 1.

On May 24, 2018, Mr. Michalski filed a motion for preliminary injunction and a temporary restraining order. ECF No. 12. On July 3, 2018, Defendants responded to Mr. Michalski's motions. ECF No. 17.

On June 12, 2018, the Court issued an Initial Review Order allowing Mr. Michalski to seek money damages against Defendants under the Eighth Amendment in their individual capacities and to seek injunctive and declaratory relief in their official capacities. ECF No. 13.

On September 25, 2018, Mr. Michalski moved for a judgment on the pleadings regarding his preliminary injunction and temporary restraining order, moved for service, and default entry. ECF Nos. 27, 29, 30.

## II. STANDARD OF REVIEW

Preliminary injunctive relief is an extraordinary remedy and not a matter of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, a movant "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the

public interest." *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (quoting *Winter*, 555 U.S. at 20); *see also Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

When deciding a motion for preliminary injunction, "a court may consider the entire record including affidavits and other hearsay evidence." *Johnson v. Newport Lorillard*, No. 01 Civ. 9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003). The moving party, however, must also make a "clear" or "substantial" showing of a likelihood of success if the injunction sought will alter, rather than maintain the status quo. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

## III.     DISCUSSION

### A.     Preliminary Injunction and Temporary Restraining Order

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). A litigant who seeks a preliminary injunction must demonstrate: (1) "irreparable harm"; (2) "either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party"; and (3) "that a preliminary injunction is in the public interest." *Oneida Nation of N.Y. v. Cuomo,* 645 F.3d 154, 164 (2d Cir. 2011) (internal quotation marks omitted).

Irreparable harm constitutes an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144, 153 (2d Cir. 1999) (internal quotation marks

omitted). When considering whether to issue a temporary restraining order, the Court employs the same standard used to review a request for a preliminary injunction. *See Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264, 272 (N.D.N.Y. 2015) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06–CV–0403, 2008 WL 2944642, at *2 (E.D.N.Y. Jul. 31, 2008)).

Mr. Michalski seeks an order that Defendants examine him, evaluate his various complaints of foot pain, and provide him with both steroid injections and arch supports. Mr. Michalski claims that, on February 12, 2018, Dr. Berkowitz examined him and determined that he suffered from severe arthritis in his feet and toes, which would need steroid injections to alleviate the pain and stiffness in his feet. *See* Decl. in Supp. Mot. TRO & Prelim. Inj., ECF No. 12, at ¶ 3. Drs. Ruiz and Berkowitz indicated that they would confer with each other to determine who would administer the injections. *Id.* On March 29, 2018, Dr. Ruiz stated that he would send Mr. Michalski back to University of Connecticut Health Center to see Dr. Berkowitz for steroid injections. *See id.* at ¶ 4. On April 23, 2018, Dr. Berkowitz met with Mr. Michalski but did not have his chart or notes documenting his visit Mr. Michalski in February 2018. *See id.* at ¶¶ 5–6. Dr. Berkowitz diagnosed Mr. Michalski as suffering from plantar fasciitis and recommended stretching exercise and arch supports. *See id.* at ¶ 10

In response to the motion for injunctive relief, Defendants acknowledge that Dr. Berkowitz examined Mr. Michalski on February 12, 2018, diagnosed him as suffering synovitis of his right subtalar joint, and recommended a steroid injection to Mr. Michalski's right sinus tarsi. *See* Resp. Order to Show Cause, ECF No. 26, at ¶¶ 1–2. Defendants also note that in 2016

and, again in 2017, Mr. Michalski filed a habeas petition in state court seeking treatment for his various foot as well as other medical conditions. *See id.* 1, 6-11 (citing to and attaching docket reports for *Michalski v. Comm'r of Corr.*, Case No. TSR-CV16-4008477-S (Nov. 10, 2016) & *Michalski v. Comm'r of Corr.*, Case No. TSR-CV17-400975-S July 14, 2017)). On April 16, 2018, Mr. Michalski withdrew both actions as part of an agreement reached in connection with the withdrawal of Mr. Michalski's state habeas petitions, Mr. Michalski "has a one year foot pass for community supplied orthotic footwear" and that officials will address Mr. Michalski's "foot complaints through this orthotic footwear." *See id.* at ¶ 3.

In his reply, Mr. Michalski does not dispute that the parties reached an agreement regarding the two state habeas petitions that he withdrew on April 16, 2018. *See* Reply, ECF No. 33, at 1. Mr. Michalski states that he agreed to withdraw the petitions in exchange for receiving "a pass for outside community footwear, arch support, and follow up with podiatry." *Id.* Michalski also says that he did receive over the counter foam arch supports in June 2018. *See id.* Mr. Michalski acknowledges that he currently does have a one-year foot pass for community footwear. *See id.* at ¶ 3. Mr. Michalski acknowledges that the agreement reached in the state habeas petitions in April 2018 included follow-up appointments with podiatry as needed. *See id.* at 4.

Here, the relief sought in the present motion is related to provision of steroid injections recommended by Dr. Berkowitz in February 2018 and arch supports recommended by Dr. Berkowitz in April 2018. Because of the intervening habeas petition settlement regarding treatment to be provided for Mr. Michalski's foot conditions, the intervening change in the diagnosis of his foot condition after an April 2018 examination by Dr. Berkowitz, and the fact

that prison officials provided Mr. Michalski with arch supports in June 2018, the Plaintiff's request for injunctive relief is moot.

Accordingly, the Court **DENIES** Mr. Michalski's motion as moot without prejudice.

### B.      Motion for Judgment on the Pleadings

For a motion for judgment on the pleadings, courts generally accept all factual allegations in a complaint as true and draw inferences in the plaintiff's favor, *see Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). To survive the motion, however, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the motion, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Here, Mr. Michalski seeks a "judgment in his favor" because the Defendants failed to respond to his temporary restraining order and preliminary injunction motion. Mot. J. Pleadings, ECF No. 27, at 1. On June 12, 2018, the Court issued an order directing the defendants to respond to Mr. Michalski's motion for injunctive relief. ECF No. 14. Defendants filed a response on July 3, 2018. *See* ECF No. 17. On August 5, 2018, the Court issued an order directing the Defendants to file a supplemental response to the motion for injunctive relief. *See* ECF No. 24. On August 27, 2018, Defendants filed their supplemental response. *See* ECF No. 26. But, on September 25, 2018, Plaintiff moved for judgment on the pleadings. ECF No. 27.

In the motion for judgment on the pleadings, Mr. Michalski claims that, on August 27, 2018, he received a notice of electronic filing by defense counsel related to his motion for injunctive relief. But Mr. Michalski claims that he did not receive a copy of the actual response

filed by counsel for the defendants. Because he did not receive the response, he assumes that counsel did not actually file it with the Court.

But Defendants responded to Plaintiff's motion for injunctive relief on August 27, 2018. *See* ECF No. 26. In his reply to Defendants' supplemental response, Mr. Michalski acknowledges that, in October 2018, he received a copy of the Defendants' supplemental response to the motion for injunctive relief. *See* Reply, ECF No. 33.

Although there is nothing in Mr. Michalski's filing to suggest he meets the applicable legal standard, Mr. Michalski' motion for judgment on the pleadings fails for another reason: he has no basis for seeking a judgment in his favor, having received a copy of the supplemental response to his motion for injunctive relief, which was his only alleged basis for relief.

Accordingly, the Court **DENIES** the motion for judgment on the pleadings.

### C.     Motion for Service

Mr. Michalski states that the Defendants have not returned their signed waiver of service of summons forms to the Court. He seeks an order directing the United States Marshal to serve the defendants personally. On August 3, 2018, the Clerk mailed copies of the Complaint and waiver of service of summons forms to the defendants. On August 10, 2018, Dr. Ruiz returned a signed waiver of service of summons form to the Court. *See* ECF No. 25.

Although Dr. Berkowitz has not returned a signed waiver of service of summons form to the Court, he has appeared and has filed an Answer to the Complaint. The Answer does not include a defense challenging the sufficiency of service of process on Dr. Berkowitz or a defense challenging the Court's personal jurisdiction over Dr. Berkowitz. *See* ECF No 31. Dr. Berkowitz therefore has waived any challenge to the sufficiency of service of the Complaint on him. *See*

*Kurzberg v. Ashcroft*, 619 F.3d 176, 186 (2d Cir. 2010) ("In general, a defense of insufficient service of process is waived if the party wishing to assert it fails to do so by means of a 12(b) motion or in a responsive pleading"); FED. R. CIV. P. 12(h)(1) (providing that the defenses of lack of personal jurisdiction, insufficient process or insufficient service of process, among others, are waived if not raised either in a Rule 12 motion or in a responsive pleading).

Accordingly, the Court **DENIES** the motion for personal service of the Complaint as moot.

### D. Motion for Default Entry

On June 12, 2018, after reviewing the Complaint under 28 U.S.C. § 1915A, the Court concluded that the Eighth Amendment claims of deliberate indifference to medical needs claims would proceed against Drs. Ruiz and Berkowitz in their individual and official capacities. *See* ECF No. 13. On September 25, 2018, Mr. Michalski sought a default entry against the Defendants for failure to plead to the Complaint.

On July 3, 2018, however, counsel filed an appearance for the Defendants. *See* ECF No. 16. On October 2, 2018, Defendants filed an Answer to the Complaint. *See* ECF No. 31. Because they have appeared and responded to the Complaint, the Court **DENIES** the motion for default for failure to plead.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Mr. Michalski's motions for preliminary injunction and a temporary restraining order, for a judgment on the pleadings, for service, and for default.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of December 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE